UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELODY SMITH-EL                                   CIVIL ACTION NO. 16-1310

VERSUS                                            JUDGE S. MAURICE HICKS, JR.

STATE OF LOUISIANA, ET AL.                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Melody Smith-El's ("Smith-El") request for "Emergency Injunction for Diplomatic Relief." Record Document 5. Smith-El appears to argue that she is entitled to diplomatic immunity under both the Treaty of Peace and Friendship of 1787 between the United States and Morocco and the Vienna Convention on Diplomatic Relations such that the Court should issue an injunction halting a state court case involving Smith-El. See id. The nature of the state case at issue is unclear from the original document Smith-El filed in this case entitled "Notice of Petition; and, Verified Petition for Warrant of Removal." See Record Document 1.

Additionally, though it is clear that Smith-El seeks an eventual permanent injunction, it is also unclear as to whether Smith-El's current request is actually a request for a preliminary injunction or a temporary restraining order ("TRO"), as the document is not precise in its request for relief. See id. Because it appears from the record that there has been no notice served to Defendants and there has not yet been a hearing on whether a preliminary injunction should issue, the Court cannot grant a preliminary injunction. See Fed. R. Civ. P. 65(a). Thus, the Court will address the request as a request for a TRO.

A TRO is a form of equitable injunctive relief that preserves the status quo of the parties until there is an opportunity to hold a full hearing on an application for a preliminary

injunction. See Fed. R. Civ. P. 65(b). "A court may issue a TRO without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." Harris v. Monroe City Sch. Bd., 2012 U.S. Dist. LEXIS 115871 at *8-9 (W.D. La. 2012), *citing* Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

As a threshold matter, the Court may not issue a TRO in this case because Smith has not certified in writing any efforts made to give notice of the filing of the request for a TRO to Defendants and the reasons why such notice should not be required. See Fed. R. Civ. P. 65(b)(1). The Court will nonetheless address two of the factors Smith-El has the burden of establishing to obtain a TRO. First, Smith-El must establish that she has a substantial likelihood of success on the merits of her arguments for an injunction. The Court finds that she has no likelihood of success on the merits, as she bases her arguments upon her status as a "Moorish American Diplomat, executrix on behalf of the

MOORISH SCIENCE TEMPLE OF AMERICA MISSION: THE CIRCLE 7." Record Document 5 at 1. Obviously, no such nation is recognized by the United States of America, so the basis of her claim to diplomatic immunity is meritless. See Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 243-46 (D.N.J. 2011) (explaining that the Moorish movement is an African-American Islamic sect and that a limited number of its members have engaged in filing frivolous lawsuits in recent years, including some on the basis of diplomatic immunity); see also Umar Ibn Khattab El v. United States Justice Dep't, 1988 U.S. Dist. LEXIS 544 at *5 (E.D. Pa. 1988) (stating that the United States has not recognized the sovereignty of the Moorish Nation).

Second, the Court finds that the issuance of a TRO halting the state court proceedings involving Smith-El would be contrary to the public interest. Again, Smith-El's filings contain no indication as to the nature of the state court proceedings she seeks to enjoin. When there are "any doubts as to the propriety of a federal injunction against state court proceedings [these doubts] should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Texas Emp'rs' Ins. Assoc. v. Jackson, 862 F.2d 491, 499 (5th Cir. 1988) (*en banc*). Smith-El's request for "Emergency Injunction for Diplomatic Relief" is therefore **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 26th day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE