UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELODY SMITH-EL                             CIVIL ACTION NO. 16-cv-1310

VERSUS                                      JUDGE HICKS

STATE OF LOUISIANA, ET AL                   MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Melody Smith-El (AKA Melody Wilson and Melody Smith) alleges that she is a defendant in a criminal prosecution pending in Caddo Parish state court as Case No. 325,957. Smith filed with this court a "Notice of Petition; and, Verified Petition for Warrant of Removal". Smith has also filed an Emergency Injunction for Diplomatic Relief (Doc. 5), which Judge Hicks denied. For the reasons that follow, it is recommended that this action be remanded to state court.

### Analysis

**A. Introduction**

Smith represents in her filings that she is a Moorish American, and she uses titles such as Grand Sheikess. Her filings are filled with the typical references to the Moorish claims of sovereignty and invocation of the Treaty of Peace and Friendship of 1787 between Morocco and the United States. Smith, as many of her Moorish brethren, appears to believe that her status as an alleged Moorish American gives her a form of immunity from the

criminal laws of the state. Her notice evidences a desire to remove to this court her state court prosecution.

The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455. It requires the notice of removal to include all grounds for such removal, and it directs the federal court to examine the notice promptly. If it clearly appears on the face of the notice and in the exhibits that removal should not be permitted, the court shall make an order for summary remand. Section 1455(b)(4).

Smith's notice cites a number of statutes that she alleges provide for "proper jurisdiction over this cause of action for removal." The statutes include 15 U.S.C. § 1692k(d), which is a provision of the Fair Debt Collection Practices Act and plainly has no application to criminal removal. Smith also cites 28 U.S.C. § 1446, but that statute provides the procedure for removal of *civil* actions. She also cites the statutes that provide for federal question jurisdiction in a civil case (Section 1331) and supplemental jurisdiction in a civil case (Section 1367), but those statutes have no provisions for removal of criminal prosecutions. Smith cites 28 U.S.C. § 1443, which does allow the removal of certain criminal prosecutions commenced in a state court.

**B. The Removal is Untimely**

An initial issue is whether Smith's removal of her criminal case is timely. Section 1455(b)(1) requires that a notice of removal of a criminal prosecution be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order

granting ... leave to file the notice at a later time." Smith's notice of removal refers to Caddo Parish Case No. 325,957. This court has reviewed documents from that case that indicate Smith was originally charged in 2014 with illegal carrying of weapons while in possession of marijuana, third offense. An amended bill of information issued September 20, 2016 and charged first offense illegal carrying of a weapon (9 mm handgun) while in possession of marijuana. The record showed that a jury returned a verdict of guilty the next day, September 21, 2016. Sentencing is set for October 3, 2016. Thus, it appears that the arraignment and trial have both passed, and there are no grounds for good cause to extend the time for removal. Smith's charges were pending for two years, but she elected to wait until after she was convicted to attempt removal. Accordingly, the removal is untimely.

### C. No Valid Grounds for Removal

The removal is also deficient in substance. The Supreme Court's interpretations of Section 1443 were discussed in Williams v. State of Mississippi, 608 F.2d 1021 (5th Cir. 1979). The Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1)[1] must satisfy a two-prong test. First, it must appear that the right allegedly

---

[1] "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

denied arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, it must appear that the person seeking removal is denied or cannot enforce those specific federal rights in the courts of the state. That second element requires that the denial be manifest in a formal expression of state law. Williams, 608 F.2d at 1022. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, 95 S.Ct. 1591 (1975). See also Franklin v. State of Louisiana, 247 F.3rd 241 (5th Cir. 2001).

Smith has not demonstrated that her case is removable based on the very limited grounds permitted for removal of state court prosecutions. It simply does not point to any provision of Louisiana law that would trigger the right to removal under Section 1443. Smith's attempt at removal was not timely. It is also patently lacking in any merit. The court should, therefore, promptly remand the matter to the state court.

**Sanctions Warning**

Smith's filings and the state court records indicate that she is also known as Melody S. Wilson. Thus, she appears to be the same person who filed a similar collateral attack on a state court proceeding in 2012. Wilson v. Marcotte, 12 CV 1219, and who filed an earlier unsuccessful removal of a criminal case. Smith v. Caddo Parish, 12 CV 188. This court explained to Smith in those cases that the "Moorish National" arguments she presents are frivolous.

Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that they have special status stemming from their association with a "Moorish" group that somehow exempts them from prosecution for crimes or liability for debts. One court recently described this as a "uniformly discredited and utterly baseless notion." Hall -El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012). Such persons sometimes claim to belong to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, baseless, and even delusional. Maryland v. Ghazi-El, 2016 WL 2736183 (D. Md. 2016); Jackson v. State of North Carolina, 2015 WL 11117236 (E. D. NC 2015); U.S. v. Stokes, 2013 WL 2387763 (M. D. Ohio 2013); and El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases).

Smith must cease filing frivolous suits and removals. The judges and staff of the court and clerk's office have spent numerous hours processing and resolving her meritless filings. Allowing her to continue to consume the resources of the court and the community with frivolous filings delays justice for other citizens who have legitimate business before the court. If Smith continues to make such filings, the court will consider the imposition of sanctions, including monetary sanctions, limitations on the ability to file as a pauper, and a requirement of judicial pre-approval for future filings. See Gardner v. Shreve Memorial Library, 2014 WL 1315077, *2 (W.D. La. 2014).

Accordingly,

**IT IS RECOMMENDED** that this matter be remanded to the First Judicial District Court, Caddo Parish, Louisiana, where the matter was pending as Case No. 325,957, due to lack of subject-matter jurisdiction in the federal court.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of September, 2016.



Mark L. Hornsby
U.S. Magistrate Judge